UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHEL DAVIS,

    Plaintiff,

v.

ASCENSION BORGESS HOSPITAL,
*et al.*,

    Defendants.
_____/

Case No. 1:23-cv-229

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Mitchel Davis. For the reasons set forth below, this complaint should be dismissed.

    **I.**    **Background**

*Pro se* plaintiff listed his residence as Ascension Borgess Hospital in Kalamazoo, Michigan. Plaintiff is no longer at the hospital and has left no forwarding address for the Court. *See* Returned Mail (ECF No. 7).[1] While at the hospital, plaintiff filed a document entitled "Application for leave to Appeal Statement of Jurisdiction" which the Clerk's Office filed as a complaint (ECF No. 1). The complaint/application ("C/A") is an attempt to appeal an "Initial Order After Hearing on Petition for Mental Health Treatment", which Judge Giguere entered on January 31, 2023, in Kalamazoo County Probate Court Case No. 20211351MI. *See* Probate Court Order (ECF No. 1-1, PageID.29-30). In that order, the state court found that plaintiff"

    . . . is a person requiring treatment because the individual has a mental illness . . .

---

[1] The Court notes that the hospital's petition seeking mental health treatment lists plaintiff's current address as "homeless". *See* Probate Court Order (ECF No. 1-1, PageID.29).

> c. whose judgment is so impaired by that mental illness and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion , to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others.

*Id*. Based on these findings, the state court ordered: that plaintiff "shall receive combined hospitalization and assisted outpatient treatment for no longer than 180 days", that plaintiff "shall be hospitalized for up to 60 days of the 180-day assisted outpatient treatment period", and that the initial hospitalization "shall be up to 30 days." *Id*. at PageID.30. Finally, the probate court ordered that if plaintiff refuses to comply with the psychiatrist's order for hospitalization, "a peace officer shall take the individual into protective custody and transport the individual to the hospital designated by the psychiatrist." *Id*. at PageID.31.

While plaintiff contests his detention at the hospital, he does not seek any particular relief in his appeal. The C/A is captioned "*Mitchel Davis El*, Appellant-Respondent vs. *People*, Appellant-Plaintiff" and resembles a state court appellate brief, listing the lower case number for a matter in the probate court and citing Michigan Court Rule (MCR) 7.212(C)(4) for "jurisdiction and venue". *See* C/A at PageID.1; MCR 7.212(C)(4) (an appellate brief must include "A statement of the jurisdiction of the Court of Appeals."). Plaintiff also refers to the "lateness of [h]is appeal." C/A at PageID.6. Plaintiff lists the "Statement of Questions" for his appeal as: whether the probate judge erred by ordering his "Eleven months incarceration at 'Ascention [sic] Borgess Hospital"; whether the probate judge abused his discretion by detaining him at the hospital rather than "a controled [sic] Level one AFC Housing"; and whether the trial judge committed judicial misconduct when he "co-oped [sic] his family sibling (Dr. Hannah Blue) . . . to issue writ of incarceration  (under guise of a petition – clinical), to prevent another of his siblings (Erius Bell)

2

from facing court acktion [sic] – that in my formal capacity mandated indictment upon him, amount to retaliation. . ." *Id*. at PageID.9, 11.  Plaintiff also filed a "Motion to Waive the Requirements of MCR 7.209" (ECF No. 4), in which he seeks to waive the "stay of transcripts at Lower Court" and for immediate consideration of his issues citing "MCR 7.211(13)(1)(d)." [2]  He captioned this motion as being in the "United States District Court of Appeals Western District of Michigan."  Motion at PageID.36.  Plaintiff alleged that the probate judge violated the Eighth Amendment, Eleventh Amendment, and the Fair Housing Act (presumably 42 U.S.C. § 3601 *et seq*.) and possibly laws regulating mental health agencies. *Id*. at PageID.3-6. In support of his appeal, plaintiff attached "Exhibit One", which is a handwritten "Victim Statement" listing a number of individuals and incidents.  *See* Exhibit One (ECF No. 1-1, PageID.12-28).[3]  Plaintiff contends that the individuals listed in his Exhibit One are indifferent or negligent. *Id*. at PageID.22.

The caption of the C/A lists a single defendant ("*People*"), presumably because the hearing involved government action by the State of Michigan which plaintiff characterized as "arbitrarily [sic] and capricious incarceration."  C/A at PageID.4.  While plaintiff's appeal involves an order entered by a state probate judge, the docket sheet lists the defendants as organizations and individuals mentioned in plaintiff's Exhibit One: Ascension Borgess Hospital; Integrated Services of Kalamazoo; Unknown (Dr.) Jacob; Unknown (Dr.) Bedi; (Dr.) Hannah Blue; Unknown (Judge) Bell; Unknown (Dr.) Laogas; Erius Bell; Unknown (Dr.) Qutori; Unknown (Dr.) Geetha; Unknown Party #1 (RN Susan A.); Unknown Party #2 (RN Debbie); Unknown Party #3 (LPN

---

[2] The Court notes that there is no such section in the current Michigan Court Rules.

[3] For example, plaintiff stated that "the beds were electronically magnetized via controls of computers and panel [sic] of hidden leavers [sic]" and "various annesthetic [sic] like gases, and wood burning emitted through the ventilization, which caused me to have sedative effects on my person[.]"  Victim Statement at PageID.14-15.

3

Tawney); Unknown Party #4 (RN Sue); Unknown Party #5 (LPN Serita); and Unknown Party #6 (RN Aaron). Plaintiff does not seek any relief against the individuals named in the exhibit.

## II.     Lack of jurisdiction

### A.     Legal Standard

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

Plaintiff has two potential sources of jurisdiction, federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. The Court will review jurisdiction as a "facial attack" on the allegations set forth in the complaint. "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "When

4

reviewing a facial attack, a district court takes the allegations in the complaint as true[.]" *Id*. Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

### B. Plaintiff mistakenly filed a state appeal in federal court

Based on plaintiff's filing, he has confused the United States District Court for the Western District of Michigan with the Michigan Court of Appeals. Plaintiff's C/A, motion, and other filings in this action refer to the state court rules for filing an appeal from a state court order. Plaintiff should have filed the C/A in the Michigan Court of Appeals. In short, plaintiff filed an application for leave to appeal in the wrong court. Accordingly, this action should be dismissed for lack of jurisdiction.

### C. Plaintiff's action is barred by the *Rooker-Feldman* doctrine

Furthermore, this Court cannot address an appeal from an order entered by the Kalamazoo County Probate Court. While plaintiff's filings recite the Eighth and Eleventh Amendments and the Fair Housing Act, there is no federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The *Rooker-Feldman* doctrine limits this Court's jurisdiction to adjudicate appeals from state-court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such

5

matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  While the Michigan State Courts did not enter a final judgment, the *Rooker-Feldman* doctrine applies to this Court's review of the probate court order.  *See RLR Investments, LLC v. City of Pigeon Forge, Tennessee*, 4 F.4th 380, 396 (6th Cir. 2021) ("Under *Rooker-Feldman*—even after *Exxon*—federal district courts don't have jurisdiction over appeals of interlocutory state-court orders.").

"The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.  Here, plaintiff's alleged injury is that he is being held and treated at a hospital.  The source of that injury is the Kalamazoo County Probate Court order, which found that plaintiff is impaired by mental illness and ordered that plaintiff be hospitalized for up to 60 days and treated for no longer than 180 days.  Accordingly, this Court lacks jurisdiction to overturn the state probate court determination under the *Rooker-Feldman* doctrine.  See *RLR Investments, LLC*, 4 F.4th at 396.

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED** for lack of subject matter jurisdiction.

Dated:  March 20, 2023                                           /s/ Ray Kent
                                                                                       RAY KENT
                                                                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).